## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

**LAS AMERICAS BAKERY OF HOLLYWOOD, INC.,** including all of its officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, along with **CARIDAD ZAPATA**, including all of her representatives, agents, and assigns, heirs, representatives, attorneys, successors, and assigns (hereinafter collectively referred to as "Defendants") and **DEIDANIA GUILIANA**, including her heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release**. In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties"). Plaintiff (and her heirs, executors, administrators, successors and assigns), knowingly and voluntarily fully remise, acquit, generally release, satisfy, and discharge LAS AMERICAS BAKERY OF HOLLYWOOD, INC. (and its predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, shareholders, officers, directors, supervisors, managers, agents, employees, former employees, insurers, attorneys and representatives, and in their individual and official capacities, and their heirs and legal representatives) and CARIDAD ZAPATA (and her, executors, administrators, agents, attorneys, beneficiaries, successors in interest and assignees, and any corporation or other legal entity owned or operated by CARIDAD ZAPATA) from any and all claims and possible claims, including but not limited to any federal or state statutory, common law, equitable, or other possible claims, claims under the Fair Labor Standards Act, Age Discrimination in Employment Act of 1967, as amended, FMLA, Title VII, the Florida Civil Rights Act, Florida laws governing wages, any whistleblower's statute (including Florida's whistleblower statute), demands, all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, charges, lawsuits, causes of action, claims and demands whatsoever in law or equity whether known or unknown, matured or unmatured, accrued or unaccrued, which Plaintiff (including Plaintiff's heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees) ever had, may have, or now have by reason of any matter, cause, or thing whatsoever from the beginning of the world to the execution of this Settlement Agreement, including but not limited to, any and all claims that were actually asserted, might have been asserted, or could have been asserted by Plaintiff in this legal action or in any other legal action or legal proceeding up to the date of the signing of this Settlement Agreement. Except for claims arising after this Settlement Agreement is executed by the Parties, all such claims are forever barred by this Settlement Agreement, regardless of the forum or form in which such claims might be brought. Plaintiff understand that nothing in this Agreement prevents her from filing a charge or complaint with, or from participating in an investigation or proceeding conducted by, the EEOC, NLRB, or any other federal, state or local agency charged with the enforcement of any laws. Plaintiff, however, hereby releases and waives each of her rights to any individual monetary recovery in connection with any proceedings initiated by any state or federal agency against Defendants or by Plaintiff or anyone on their behalf. Should Plaintiff nonetheless receive any individual monetary recovery in connection with any such proceeding, Plaintiff shall immediately remit it to the Defendants. As a condition of the Defendants entering

into this Settlement Agreement, Plaintiff represent that she has not filed any claim against any of the Defendants relating to Plaintiff's employment or separation from employment with LAS AMERICAS BAKERY OF HOLLYWOOD, INC. This Release includes all claims which were, or could have been, asserted in the lawsuit styled <u>DEIDANIA GUILIANA, v. LAS AMERICAS BAKERY OF HOLLYWOOD, INC., a Florida Corporation, and CARIDAD ZAPATA, Individually</u> Case No.: 0:15-cv-62616-JIC, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

In consideration of dismissal of this Litigation with prejudice and other good and valuable consideration, Defendants generally release Plaintiff. Defendants hereby remise, acquit, generally release, satisfy, and discharge Plaintiff of and from any and all claims, demands, all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, whether known or unknown, matured or unmatured, accrued or unaccrued, which Defendants, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, shareholders, officers, directors, supervisors, managers, agents, attorneys and representatives have or may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims that were actually asserted, might have been asserted, or could have been asserted by Defendants against Plaintiff, their heirs, executors, administrators, agents, beneficiaries, successors in interest and assignees in this Litigation. Except for claims arising after this Agreement is executed by the Parties, all such claims are forever barred by this Agreement, regardless of the forum or form in which such claims might be brought.

2. **Settlement Amount and Attorney's Fees**. In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle Plaintiff's claims for a total of Ten Thousand Dollars and Zero Cents ($10,000.00) as follows:

(a) On or before May 30, 2016, Defendants shall deliver their first payment in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) payable to The Law Offices of Levy & Levy PA Trust Account.

(b) On or before June 30, 2016, Defendants shall deliver their second payment in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) payable to The Law Offices of Levy & Levy PA Trust Account.

(c) On or before July 31, 2016, Defendants shall deliver their third and final payment in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) payable to The Law Offices of Levy & Levy PA Trust Account.

All settlement payments shall be sent to Plaintiff's Counsel. Out of the settlement proceeds, Plaintiff, DEIDANIA GUILIANA shall receive a total of $5,000.00. Plaintiff's Counsel shall receive a total of $5,000.00 as fees and costs incurred in this litigation.

3. **Default Provision**. Should Defendants fail to make payments of the settlement funds, or if any check is returned for insufficient funds pursuant to paragraph 2 of this agreement, Plaintiff's counsel shall give written notice to Defendants via E-mail to Gustavo A. Bravo (gbravo@lawbravo.com). In the event Defendants fail to cure said breach within five (5) business days of the written notice, Plaintiff and their counsel, shall be entitled to entry of final judgment against all Defendants, jointly and severally, in the amount of (i) Ten Thousand Dollars and Zero Cents ($10,000.00), plus (ii) such additional attorneys' fees and costs as may be incurred by Plaintiff in connection with such default, less (iii) any amounts already paid pursuant to this Agreement.

4. **Taxes**. Plaintiff acknowledges and agrees that she shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions.

5. **Non-Admission Clause**. By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

6. **Non Disparaging Remarks**. Plaintiff, DEIDANIA GUILIANA agrees to not disparage Defendants, or their agents and representatives to any person. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

7. **No Reemployment**. Plaintiff shall never apply for or seek employment with or work for either of the Defendants in any capacity.

8. **Jurisdiction**. The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Broward County, Florida.

9. **Dismissal of Lawsuit**. Simultaneously to the full execution of this Agreement, Plaintiff agrees to file with the Court in the Litigation a Motion for Approval of the Settlement Agreement and Dismissal with Prejudice of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order.

10. **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. **Severability**. In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

12. **Entire Agreement**. This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

13. **Enforcement**. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

14. **Voluntariness**. Each Released Party certifies that they have fully read, negotiated, and completely understand the provisions of this Agreement, that they have been advised by counsel prior to signing this Agreement, and that the Released Parties are signing freely and voluntarily, and without duress, coercion, or undue influence.

15. **Acceptance**. Plaintiff hereby expressly agrees that the settlement payments are being accepted by the employee as full and complete consideration for all of the employee's claims under the FLSA and state wage and hour law, whether asserted in the Litigation or otherwise that no other overtime payments, wages, tips or other compensation is due and owing, and that Plaintiff will not be entitled to any additional amounts pursuant to the FLSA or state wage and hour law.

16. **Counterparts**. This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

**[SIGNATURES FOLLOW ON PAGE 5]**

## PLAINTIFF'S SIGNATURES

DEIDANIA GUILIANA

By: _[signature]_
DEIDANIA GUILIANA
Date: 5/4/16

## DEFENDANTS' SIGNATURES

LAS AMERICAS BAKERY OF HOLLYWOOD, INC.

By: Patricia Zapata
Name: Patricia Zapata
Title: Administrator
Date: 05/13/16

CARIDAD ZAPATA

By: _[signature]_
CARIDAD ZAPATA
Date: 05/13/16